NO. 07-05-0123-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 8, 2005



______________________________



 RICKY J. PAREDEZ, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-403272; HONORABLE CECIL G. PURYEAR, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Ricky J. Paradez, Jr., appeals from an adjudication of guilt for the offense
of deadly conduct by discharging a firearm and punishment of confinement for 10 years. 
We affirm.

 Appellant was charged by indictment with the offense of deadly conduct by
discharging a firearm. Pursuant to a plea agreement with the State, appellant waived trial
by jury and entered a plea of guilty. The trial court accepted the plea of guilty, found that
the evidence substantiated appellant's guilt, followed the plea agreement and, on
November 19, 2003, deferred adjudication of appellant and placed appellant on community
supervision for three years. Appellant did not appeal from these proceedings.

 On February 8, 2005, the State filed a Second Amended Motion to Proceed With
Adjudication of Guilt. At a hearing on the motion, appellant pled not true to the allegations
in the motion. After hearing evidence, the trial court found all of the allegations true and
adjudicated appellant guilty. Following a separate punishment hearing, the court sentenced
appellant to confinement in the Institutional Division of the Texas Department of Criminal
Justice for 10 years. 

 Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief
in Support thereof. In support of the motion, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the
record has been diligently reviewed. Counsel has concluded the record reflects no
reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. 
Counsel thus concludes that the appeal is frivolous.

 In reaching the conclusion that the appeal is frivolous, counsel identifies one
possible issue. That issue is ineffective assistance of counsel. However, after referencing,
analyzing and discussing the trial record, counsel has discussed why, under the controlling
authorities, there is no arguably reversible error in the trial court proceeding or judgment. 
See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel's brief
demonstrates a conscientious review of the entire record and analysis of the legal issues
involved in a potential appeal. 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of his right to review the record and file a response to counsel's motion and brief. 
Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 82-83,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is
frivolous.

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed. 


 Mackey K. Hancock

 Justice



Do not publish.